*191 OPINION.
Kern :
The first question presented by this proceeding is whether, for the purpose of computing the surtax on undistributed profits, petitioner is entitled to a credit for certain sums paid to a sinking fund pursuant to a trust indenture for the retirement of bonds. The applicable statute is section 26 (c) (2) of the Revenue Act of 1936, set out in the margin.[1]
*192 The facts in the instant case disclose a debt which arose when the bonds were issued. The indenture of trust, which is a written contract executed by the corporation prior to May 1, 1936, required that a certain sum of money be irrevocably set aside within the taxable year in discharge of that debt. And, as we said in Michigan Silica Co., 41 B. T. A. 511, 513, the fact that the petitioner had the option of redeeming the bonds or purchasing them does not affect the result. Our ultimate question, therefore, narrows down to an issue similar to one involved in the Michigan Silica Co. case, i. e., whether the provision of the trust indenture requiring the depositing of sums certain in the sinking fund “expressly deals with the disposition of earnings and profits of the taxable year.” In the cited case, under somewhat different facts, we concluded that it did; here we reach the opposite conclusion.
Regardless of whether petitioner realized any earnings and profits in the taxable year, the regular annual payment was still required by the indenture of trust. Without earnings, petitioner would have had to resort to some other manner of obtaining the necessary funds. This could have been done by applying accumulated surplus, if any, by the sale of assets, by issuing additional stocks or bonds, or by any other method of borrowing. Since the indenture does not require the payments to be from current earnings and profits or to be measured by current earnings and profits, it becomes immaterial whether the payments actually were out of earnings and profits of the taxable year. Provisions granting special exemptions are to be strictly construed. Helvering v. Northwest Steel Rolling Mills, Inc., 311 U. S. 46.
The three decisions which petitioner relies upon, G. B. R. Oil Corporation, 40 B. T. A. 738; Joell Co., 41 B. T. A. 825; and Michigan Silica Co., supra, are all readily distinguishable. As was pointed out by the Board in the latter case, the terms “earnings and profits of the taxable year” do not have to be written into the contract; but in. all three of those cases the Board said that there must be some provision in the contract which, when read in the light of reason, expressly deals with the distribution of earnings and profits of the taxable year. Annual gross receipts were referred to in the contracts in each of those cases, and we held that gross receipts necessarily included earnings and profits. We do not have a similar state of facts in the instant case, for neither annual gross receipts nor any specific *193 receipts are mentioned in the indenture; and therein lies the distinction.
The second and sole remaining issue for oúr determination is whether the discount at which petitioner in 1936 purchased its own bonds, which were disposed of for face value in 1937, is taxable income of the petitioner in 1936 or, as the petitioner contends, in the later year of disposition.
It appears that the sole purpose of the purchase of the bonds in 1936 was to have them on hand for deposit in the sinking fund at a later date at their face value. By this procedure the petitioner actually realized a profit between what it paid for the bonds and their face value. Petitioner claims that the purchase of the bonds was a transaction entered into for profit and that, consequently, no income was realized until petitioner disposed of the bonds. The actions of petitioner point to the inescapable conclusion that they were purchased for retirement. However, its purpose in purchasing its own bonds is immaterial. As we said in Garland Coal & Mining Co., 28 B. T. A. 348 (affd., 76 Fed. (2d) 663) :
* * * The purchase of the bonds by the petitioner constituted such a closed transaction as gives rise to recognizable gain or loss under the revenue act. The fact that the petitioner had such bonds available for resale is not controlling. Such a resale would be an entirely new transaction.
See also American Brake Shoe & Foundry Co. v. Interborough Rapid Transit Co., 19 Fed. Supp. 234.
On this issue we hold for respondent.

Decision will be entered for the respondent.

 SEC. 26. CREDITS OF CORPORATIONS.
In the ease of a corporation the following credits shall be allowed to the extent provided in the various sections imposing tax—
*******
(c) Contracts Restricting Payment of Dividends.— *******
(2) Disposition of profits of taxable year. — An amount equal to the portion of the earnings and profits of the taxable year which is required (by a provision of a written con *192 tract executed by the corporation prior to May 1, 1936, which provision expressly deals with the disposition of earnings and profits of the taxable year) to be paid within the taxable year in discharge of a debt, or to be irrevocably set aside within the taxable year for the discharge of a debt; to the extent that such amount has been so paid or set aside. For the purpose of this paragraph, a requirement to pay or set aside an amount equal to a percentage of earnings and profits shall be considered a requirement to pay or set aside such percentage of earnings and profits. As used in this paragraph, the word “debt” does not include a debt incurred after April 30,1936.